1 JOSEPH P. RUSSONIELLO (44332)
United States Attorney

2

3 BRIAN J. STRETCH (CSBN 163937)
Chief, Criminal Division

4 SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

5
    450 Golden Gate Avenue, Box 36055
6     San Francisco, CA 94102
    Telephone: (415) 436-7324
7     Facsimile: (415) 436-6748
    email: susan.b.gray@usdoj.gov

8
Attorneys for Plaintiff

9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **No.** C 07-5472 SBA |
|     Plaintiff, | ) ) | UNITED STATES CASE MANAGEMENT STATEMENT AND MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER |
|     v. | ) ) | |
| $28,567 IN UNITED STATES CURRENCY, 2003 GMC SIERRA 2500 HD PICKUP TRUCK VIN# 1GTHC24U43E100192, CALIFORNIA LICENSE #7P68138 | ) ) ) ) | |
|     Defendants. | ) ) | |

The United States submits this case management statement. Although the claimants, John Melo and Craig Allen appear to have been served with the forfeiture complaint in this action on or about November 6, 2007, neither of them has filed a claim or an answer which entitles them to appear in this case and claim defendants, nor have they under oath provided good cause for the Court to extend the claim/answer filing deadlines. Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A third individual, Mike Heglin, apparently wrote a letter to the Clerk of this Court on November 25, 2007, claiming an interest in the defendants. He did not serve the United States. Because no one has filed a claim or answer as required by Rule G, there is no party with whom the United States can file a joint case management statement. For the reasons set forth below in Sections F and K of

1  the case management statement, the United States also moves to continue the Case Management
2  Conference from February 6, 2008, to April 23 or 30, 2008, at 3:00 p.m.
3  **A. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**
4        This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(4) and (6),
5  involving the seizure of defendants: 1) approximately $28,567 in United States Currency, which
6  was seized as money furnished or intended to be furnished by a person in exchange for a
7  controlled substance, or money traceable to such an exchange, or money used or intended to be
8  used to facilitate a violation of Subchapter I, Chapter 13 of Title 21 United States Code, and 2) a
9  2003 GMC pick, which was seized as a conveyance used or intended for use to transport, or in
10 any manner facilitate the transportation, sale, receipt, possession, or concealment of controlled
11 substances.  The defendants were seized during the arrest of John Melo ("Melo) and the
12 execution of a search warrant on Melo's residence.  Melo is currently facing felony drug charges
13 in state court stemming from his involvement in a scheme to distribute cocaine and
14 methamphetamine.
15       The GMC pickup is titled to Craig Allen, who does not appear to be involved in the drug
16 trafficking.  However, Melo was seen using the truck during the drug trafficking scheme and
17 Melo claimed to own the truck in a post arrest statement.
18       Mike Heglin was unknown to the United States until January 28, 2008, when counsel
19 checked the docket sheet in this case and found his November 25, 2007, letter filed with the
20 court. In the letter, Mike Heglin, states that he has an interest in the defendant GMC pickup.  He
21 also mentions the defendant currency. From the letter, it appears that Mike Heglin is currently
22 incarcerated in the Santa Rosa Detention Facility.
23       Both the currency and truck are in the custody of the United States Marshals Service.
24 **B. PRINCIPAL ISSUES**
25 **1.The principal factual issues that the parties dispute are:**
26 **2. The principal legal issues that the parties dispute are**:
27 No one has submitted a timely claim or answer and therefore no factual or legal issues have
28 been joined.

**3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved.**

The civil forfeiture complaint was filed on October 26, 2008. Melo was served on or about November 6, 2007, at the offices of his attorney L. Stephen Turer, Esq., 610 Davis Street, Santa Rosa, California via Certified Mail. Service was attempted on Craig Allen on or about November 6, 2007, at 5710 Eastlake Drive via Certified Mail. However, it is not clear from the signature card returned after the service that Craig Allen was actually at the address. Another individual apparently signed the return receipt for Certified Mail. Accordingly, the United States is in the process of having the United State Marshals personally serve Craig Allen. The United States is taking this step because to date there is no indication that Craig Allen is represented by counsel.

As noted above, the United States first learned of a possible third party's involvement with the defendant GMC pickup truck or currency on January 28, 2008, when counsel checked the docket sheet for this case and discovered Heglin's letter to the Clerk of Court. The United States had never been served with the letter, nor did Mike Heglin's name appear on title to the GMC pickup or during the course of the investigation. Given this new development, the United States will serve Heglin with the complaint and all other documents in the case. However, it is clear from Heglin's letter that he is aware of the forfeiture action.

**4. The following parties have not yet been served:**

See above.

**5. Any additional parties that a party intends to join are listed below:**

None.

**6. Any additional claims that a party intends to add are listed below:**

None.

**C. ALTERNATIVE DISPUTE RESOLUTION**

Not applicable at this time.

**D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Not applicable at this time.

**E. DISCLOSURES**

Forfeiture actions are exempt from the initial disclosures required in Rule 26, Federal Rules of Civil Procedure.

**F. EARLY FILING OF MOTIONS**

The United States has spoken with Melo's attorney, Stephen Turer, who has indicated Melo will not be filing a claim in this action. Hence, the United States anticipates that it will file a motion for default judgment as to the currency. Once Craig Allen and Mike Heglin are served, the United States anticipates filing a default motion or motion for summary judgement depending on the position, if any, taken by Craig Allen and/or Mike Heglin..

**G. DISCOVERY**

The United States will serve Mike Heglin with interrogatories regarding the issue of standing since his name does not appear anywhere on title, nor was he part of the investigation.

**H. PRETRIAL AND TRIAL SCHEDULE**

Not applicable at this time.

**I. DATE OF NEXT CASE MANAGEMENT/STATUS CONFERENCE**_____


**J. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

Susan B. Gray
Assistant United States Attorney
Asset Forfeiture Unit
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
415 436 7324

No one has submitted a claim or answer for any claimant to the defendant funds.

**K. OTHER MATTERS/REQUEST TO CONTINUE**

As noted above, no one has filed a claim or answer in this case. At this point the United States could seek default judgement for both assets. However, since Craig Allen is *pro se,* the United States, in an abundance of caution, will seek to serve him personally before seeking a default judgement. In addition, the United States will serve Mike Heglin. Given the current

1  posture of this case, the United States requests that the Case Management Conference currently
2  scheduled for February 6, 2008, at 3:00 p.m. be continued to April 23 or 30, 2008, at 3:00 p.m. to
3  allow time for the United States to locate Craig Allen and Mike Heglin and for Craig Allen and/
4  or Mike Heglin, to file a claim and answer, should either of them decide to protest the forfeiture
5  of defendant currency or GMC truck.

                                                      Respectfully submitted,

                                                      JOSEPH P. RUSSONIELLO
                                                      United States Attorney

Dated: January 29, 2008

                                                       _____/S/_____
                                                       Susan B. Gray
                                                       Assistant United States Attorney

Based upon the foregoing, and GOOD CAUSE APPEARING, the Cases Management Conference in the above entitled case is continued from February 6, 2008, to April ___, 2008, at 3:00 p.m.

IT IS SO ORDERED.

                                                       _____
                                                       SANDRA BROWN ARMSTRONG
                                                     United States District Judge