JOSEPH P. RUSSONIELLO (44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163937)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7324
    Facsimile: (415) 436-6748
    email: susan.b.gray@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>$28,567 IN UNITED STATES CURRENCY,<br>2003 GMC SIERRA 2500 HD PICKUP<br>TRUCK VIN# 1GTHC24U43E100192,<br>CALIFORNIA LICENSE #7P68138<br><br>    Defendants. | No. C 07-5472 SBA<br><br>MOTION TO CONTINUE CASE<br>MANAGEMENT CONFERENCE;<br>[PROPOSED] ORDER AND CASE<br>MANAGEMENT STATEMENT |

    The United States submits this Motion to Continue Case Management Conference and Case Management Statement. Because no one has filed a claim or answer as required by Rule G, there is no party with whom the United States can file a joint Case Management Statement or a stipulated request to continue the Case Management Conference. For the reasons set forth below in Sections F and K the United States moves to continue the Case Management Conference from April 23, 2008, to May 21 or May 28, 2008, at 3:00 p.m.

**A. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

    This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(4) and (6), involving the seizure of defendants: 1) approximately $28,567 in United States Currency, which was seized as money furnished or intended to be furnished by a person in exchange for a controlled substance, or money traceable to such an exchange, or money used or intended to be

used to facilitate a violation of Subchapter I, Chapter 13 of Title 21 United States Code, and 2) a 2003 GMC pick, which was seized as a conveyance used or intended for use to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of controlled substances. The defendants were seized during the arrest of John Melo ("Melo) and the execution of a search warrant on Melo's residence. Melo is currently facing felony drug charges in state court stemming from his involvement in a scheme to distribute cocaine and methamphetamine.

The GMC pickup is titled to Craig Allen, who does not appear to be involved in the drug trafficking. However, Melo was seen using the truck during the drug trafficking scheme and Melo claimed to own the truck in a post arrest statement.

Mike Heglin was unknown to the United States until January 28, 2008, when counsel checked the docket sheet in this case and found his November 25, 2007, letter filed with the court. In the letter, Mike Heglin, states that he has an interest in the defendant GMC pickup. He also mentions the defendant currency. From the letter, it appears that Mike Heglin is currently incarcerated in the Santa Rosa Detention Facility.

Both the currency and truck are in the custody of the United States Marshals Service.

**B. PRINCIPAL ISSUES**

**1.The principal factual issues that the parties dispute are:**

**2. The principal legal issues that the parties dispute are**:

No one has submitted a timely claim or answer and therefore no factual or legal issues have been joined.

**3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved.**

The civil forfeiture complaint was filed on October 26, 2008. Melo was served on or about November 6, 2007, at the offices of his attorney L. Stephen Turer, Esq., 610 Davis Street, Santa Rosa, California via Certified Mail. Service was attempted on Craig Allen on or about November 6, 2007, at 5710 Eastlake Drive via Certified Mail. However, it is not clear from the signature card returned after the service that Craig Allen was actually at the address. Another

1  individual apparently signed the return receipt for Certified Mail. Accordingly, the United States
2  sought to personally serve Craig Allen through the United State Marshals. To date they have
3  been unable to locate Mr. Allen. However, notice of forfeiture was published on November 21,
4  2007.

As noted above, the United States first learned of a possible third party's involvement with the defendant GMC pickup truck or currency on January 28, 2008, when counsel checked the docket sheet for this case and discovered Heglin's letter to the Clerk of Court. The United States had never been served with the letter, nor did Mike Heglin's name appear on title to the GMC pickup or during the course of the investigation. Given this new development, the United States served Heglin with the complaint and all other documents in the case. To date Heglin has never filed a claim and answer in the case.

**4. The following parties have not yet been served:**

See above.

**5. Any additional parties that a party intends to join are listed below:**

None.

**6. Any additional claims that a party intends to add are listed below:**

None.

**C. ALTERNATIVE DISPUTE RESOLUTION**

Not applicable at this time.

**D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Not applicable at this time.

**E. DISCLOSURES**

Forfeiture actions are exempt from the initial disclosures required in Rule 26, Federal Rules of Civil Procedure.

**F. EARLY FILING OF MOTIONS**

The United States has spoken with Melo's attorney, Stephen Turer, who indicated Melo will not be filing a claim in this action. On March 27, 2008, Melo and his attorney signed the attached stipulation letter in which he waives all claims to the defendant funds and currency. In

addition, given Allen and Heglin's failure to file a claim and answer, the United States anticipates that it will file a motion for default judgment as to the currency and truck within 30 days.

**G. DISCOVERY**

Not applicable at this time..

**H. PRETRIAL AND TRIAL SCHEDULE**

Not applicable at this time.

**I. DATE OF NEXT CASE MANAGEMENT/STATUS CONFERENCE**

**J. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

Susan B. Gray
Assistant United States Attorney
Asset Forfeiture Unit
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
415 436 7324

No one has submitted a claim or answer for any claimant to the defendant funds.

**K. OTHER MATTERS/REQUEST TO CONTINUE**

As noted above, no one has filed a claim or answer in this case. At this point the United States will seek default judgement for both assets within 30 days. Given the current posture of

//
//
//
//
//
//
//
//
//
//

1  this case, the United States requests that the telephonic Case Management Conference currently
2  scheduled for April 23, 2008, at 3:00 p.m. be continued to May 21 or May 28, 2008, at 3:00 p.m.
3                                         Respectfully submitted,
4                                         JOSEPH P. RUSSONIELLO
                                       United States Attorney
5  Dated: April 15, 2008                Respectfully submitted,
6
7
8                                         Susan B. Gray
                                       Assistant United States Attorney
9
10  Based upon the foregoing, and GOOD CAUSE APPEARING, the Case Management
11  Conference in the above entitled case is continued from April 23, 2008, at 2:45 p.m. to May ___,
12  2008, at ___ p.m.
13
14  IT IS SO ORDERED.
15                                       SANDRA BROWN ARMSTRONG
16                                       United States District Judge

## LAW OFFICES OF
## L. STEPHEN TURER

610 DAVIS STREET
SANTA ROSA, CA 95401

L. STEPHEN TURER
NATHANIEL RAFF

March 25, 2008

RE:  1. $28,567.00 U.S. Currency, 07-DEA-484592; DEA Case No. 02-0005;
2. 2003 GMC Sierra 2500 HD Pickup Truck, Vin # 1GTHC24U43E100192,7-DEA-484823, DEA Case No. 02-0005,

Civil Case No. C-07-5472 SBA

The parties stipulate as follows:

1. On October 26, 2007, plaintiff, the United States, timely filed a civil action seeking forfeiture of the above-listed defendant property. In its complaint, plaintiff sought forfeiture of the defendant currency, pursuant to Title 21, United States Code, Section 881(a)(6), on the grounds there was probable cause that the money constituted drug proceeds. Plaintiff also sought forfeiture of the defendant 2003 GMC Sierra Pickup Truck pursuant to Title 21, United States Code, Section 881(a)(4) on the grounds that defendant Truck had been used to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance.

2. John Melo received notice of the above described civil action seeking forfeiture through his attorney, L. Stephen Turer, by registered mail on November 6, 2007.

3. John Melo does not intend to file a claim or answer in the pending civil case, C-07-5472 SBA, and consents to the forfeiture of the above listed defendant currency and truck without further notice to him. John Melo further relinquishes all right, title and interest in the above listed currency and truck, and agrees that said defendant currency and truck shall be forfeited to the United States and disposed of according to law by the appropriate federal agency.

4. John Melo, his heirs, representatives and assignees, shall hold harmless the United States, any and all agents, officers, representatives and employees of same, including all federal, state and

◆TELEPHONE: (707) 546 - 1551 ◆ FAX: (707) 546 - 5026◆
◆WWW.TURERLAW.COM◆

Melo Stipulation p. 2

local law enforcement officers, for any and all acts directly or indirectly related to the seizure and forfeiture of the defendant currency.

Dated: 3/31/08

JOSEPH P. RUSSONIELLO
United States Attorney

*[signature]*
SUSAN B. GRAY
Assistant United States Attorney

Dated:

*[signature]*
L. Stephen Turer
Attorney for John Melo

Dated: 3/27/08

*[signature]*
John Melo