JOSEPH P. RUSSONIELLO (44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163937)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-7324
   Facsimile: (415) 436-6748
   email: susan.b.gray@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $28,567 IN UNITED STATES CURRENCY, 2003 GMC SIERRA 2500 HD PICKUP TRUCK VIN# 1GTHC24U43E100192, CALIFORNIA LICENSE #7P68138 <br><br> Defendants. | **No.** C 07-5472 SBA <br><br> MOTION: TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER AND CASE MANAGEMENT STATEMENT <br><br> Case Management Conference: July 30, 2008, 3:30 p.m. |

The United States submits this Motion to Continue Case Management Conference and Case Management Statement. Because no one has filed a claim or answer as required by Rule G, there is no party with whom the United States can file a joint Case Management Statement or a stipulated request to continue the Case Management Conference. For the reasons set forth below in Sections F and K the United States moves to continue the Case Management Conference from July 30, 2008, at 3:00 p.m. to August 28, 2008 at 3:00 p.m. or such other time as may be convenient for the Court.

**A. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(4) and (6), involving the seizure of defendants: 1) approximately $28,567 in United States Currency, which was seized as money furnished or intended to be furnished by a person in exchange for a

1  controlled substance, or money traceable to such an exchange, or money used or intended to be
2  used to facilitate a violation of Subchapter I, Chapter 13 of Title 21 United States Code, and 2) a
3  2003 GMC pick, which was seized as a conveyance used or intended for use to transport, or in
4  any manner facilitate the transportation, sale, receipt, possession, or concealment of controlled
5  substances.  The defendants were seized during the arrest of John Melo ("Melo) and the
6  execution of a search warrant on Melo's residence.  Melo is currently facing felony drug charges
7  in state court stemming from his involvement in a scheme to distribute cocaine and
8  methamphetamine.
9      The GMC pickup is titled to Craig Allen, who does not appear to be involved in the drug
10 trafficking.  However, Melo was seen using the truck during the drug trafficking scheme and
11 Melo claimed to own the truck in a post arrest statement.
12     Mike Heglin was unknown to the United States until January 28, 2008, when counsel
13 checked the docket sheet in this case and found his November 25, 2007, letter filed with the
14 court.  In the letter, Mike Heglin, stated that he has an interest in the defendant GMC pickup.  He
15 also mentioned the defendant currency. From the letter, it appeared that Mike Heglin was
16 incarcerated in the Santa Rosa Detention Facility.  He was later moved to the Churchill County
17 Jail in Fallon, Nevada.  Despite his apparent notice of the pending civil forfeiture action, Heglin
18 did not follow up on his initial letter and file answer as required by Supplemental Rule G(5)(b).
19 Hence, there are no claimants before the court.
20     Both the currency and truck are in the custody of the United States Marshals Service.
21 **B. PRINCIPAL ISSUES**
22 **1.The principal factual issues that the parties dispute are:**
23 **2. The principal legal issues that the parties dispute are**:
24 No one has submitted a timely claim or answer and therefore no factual or legal issues have
25 been joined.
26 **3**. **The following issues as to service of process, personal jurisdiction, subject matter**
27 **jurisdiction, or venue remain unresolved.**
28 The civil forfeiture complaint was filed on October 26, 2008.  Melo was served on or about

1 November 6, 2007, at the offices of his attorney L. Stephen Turer, Esq., 610 Davis Street, Santa
2 Rosa, California via Certified Mail.  Service was attempted on Craig Allen on or about
3 November 6, 2007, at 5710 Eastlake Drive via Certified Mail.  However, it is not clear from the
4 signature card returned after the service that Craig Allen was actually at the address. Another
5 individual apparently signed the return receipt for Certified Mail.  Accordingly, the United States
6 sought to personally serve Craig Allen through the United State Marshals.  To date they have
7 been unable to locate Mr. Allen. However, notice of forfeiture was published on November 21,
8 2007.

As noted above, the United States first learned of a possible third party's involvement with the defendant GMC pickup truck or currency on January 28, 2008, when counsel checked the docket sheet for this case and discovered Heglin's letter to the Clerk of Court.  The United States had never been served with the letter, nor did Mike Heglin's name appear on title to the GMC pickup or during the course of the investigation.  Given this new development, the United States attempted to serve Heglin with the complaint and all other documents in the case.  He was served at his place of incarceration at Churchill County Jail, Fallon, Nevada on May 21, 2008. To date Heglin has never filed a claim and answer in the case.

**4. The following parties have not yet been served:**

See above.

**5. Any additional parties that a party intends to join are listed below:**

None.

**6. Any additional claims that a party intends to add are listed below:**

None**.**

**C. ALTERNATIVE DISPUTE RESOLUTION**

Not applicable at this time.

**D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Not applicable at this time.

**E. DISCLOSURES**

Forfeiture actions are exempt from the initial disclosures required in Rule 26, Federal Rules

of Civil Procedure.

**F. EARLY FILING OF MOTIONS**

The United States has spoken with Melo's attorney, Stephen Turer, who indicated Melo will not be filing a claim in this action. On March 27, 2008, Melo and his attorney signed a stipulation letter in which he waived all claims to the defendant funds and currency. In addition, given Allen and Heglin's failure to file a claim and answer, the United States anticipates that it will file a motion requesting the Clerk to enter a default as to the currency and truck within 7 days.  If the Clerk enters the default, the United States will then file a motion for Judgement of Default.  The United States had anticipated filing such a request sooner, but the Assistant United States Attorney handling the case was out of the country in early June and involved in a large narcotics case involving the preparation of 27 search warrants and numerous civil forfeiture complaints in late June. The United States anticipates filing the Request for the Clerk to Enter Default on July 24, 2008.  The United States suggests that given the current posture of the case, this Case Management Conference currently scheduled for July 30, 2008, be continued for at least 28 days.  If the requested Entry of Default and subsequent Motion for Entry of Default are granted, there will be no need for the Case Management Conference.

**G. DISCOVERY**

Not applicable at this time..

**H. PRETRIAL AND TRIAL SCHEDULE**

Not applicable at this time.

**I. DATE OF NEXT CASE MANAGEMENT/STATUS CONFERENCE**_____

**J. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

Susan B. Gray
Assistant United States Attorney
Asset Forfeiture Unit
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
415 436 7324

1  No one has submitted a claim or answer for any claimant to the defendant funds.

2  **K. OTHER MATTERS/REQUEST TO CONTINUE**

3  As noted above, no one has filed a claim or answer in this case. At this point the United
4  States will request the Clerk for entry of default for both assets within 7 days. Given the current
5  posture of this case, the United States requests that the telephonic Case Management Conference
6  currently scheduled for July 30, 2008, at 3:00 p.m. be continued to August 28, 2008, at 3:00 p.m.
7  or such other time as is convenient for the Court.

8  Dated: July 18, 2008                             Respectfully submitted,

9                                                  JOSEPH P. RUSSONIELLO
                                                    United States Attorney
10

11                                                  _____/S/_____
                                                    Susan B. Gray
12                                                  Assistant United States Attorney

13

14

15  Based upon the foregoing, and GOOD CAUSE APPEARING, the Case Management Conference
16  in the above-entitled case is continued from July 30, 2008, at 3:30 p.m. to _____, 2008, at
17  ___p.m.

18

19  IT IS SO ORDERED.

20                                                  _____
                                                    SANDRA BROWN ARMSTRONG
21                                                  United States District Judge